461 P.2d 250

**The STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Donald Gene BALLARD, Defendant-Appellant.**

**No. 10365.**

Supreme Court of Idaho.

Nov. 17, 1969.

Rehearing Denied Dec. 10, 1969.

---

**356**

Rayborn, Rayborn, Webb & Pike, Twin Falls, for appellant.

Robert M. Robson, Atty. Gen., and George C. Detweiler, Asst. Atty. Gen., Boise, for appellee.

SPEAR, Justice.

This is an appeal from a judgment of guilty and an order committing appellant to the state penitentiary following a plea of guilty by the defendant-appellant to the charge of burglary in the first degree. Actually the appeal is not taken from the appellant's plea of guilty or the resultant judgment. Instead it is taken from the sentence that was imposed by the court, appellant contending that, as a matter of law, he was entitled to probation on the facts adduced and in the record.

After having counsel regularly appointed to defend him, appellant first plead "not guilty" to the charge of first degree burglary. At a later date and while still represented by counsel, appellant withdrew this plea and entered a plea of guilty to the same charge. At the same time appellant requested leniency and specifically requested the court for a pre-sentence investigation, with the express "hope" that it would place the court in a better position to determine the appropriate sentence. The court complied with this request and ordered a pre-sentence investigation.

At a later date, when the proceedings were continued, appellant stated in open court that he had had an opportunity to read and check the pre-sentence report made by the probation officer, and the transcript reveals the following proceedings.

"THE COURT: Are the various matters covered in this report true and correct as set out? Are there any corrections that you feel should be made?

"THE DEFENDANT: May I talk to my counsel?

"THE COURT: Certainly.

"(Defendant conferred with his counsel.) [Mr. Bennett]

"THE DEFENDANT: Yes, Your Honor, it is correct.

"THE COURT: It is correct?

"THE DEFENDANT: Yes.

"THE COURT: I take it you, too, Mr. Bennett, have had an opportunity to go over this?

"MR. BENNETT: I have, Your Honor.

"THE COURT: According to this report, approximately three years ago, on December 24, 1965, Mr. Ballard was charged and plead guilty to burglary in the first degree. He was placed on probation for 12 months, beginning April 29, 1966, and was discharged April 14, 1967, approximately a year later.

\* \* \* \* \* \*

"MR. BENNETT: In connection with the charge that you just mentioned, that Mr. Ballard plead guilty on, I'm sure Your Honor is aware that he did later come in and withdraw his plea of guilty and was given an opportunity to come in and withdraw his plea of guilty, which he did, and that never resulted in a finding of guilty, and the charges were then withdrawn, and it was to be expunged from the record, as much as could be done under the circumstances.

"And, of course, the reason that it's known to the Probation Officer is because Mr. Ballard was truthful with him in discussing his background, and it's my understanding that that would fit exactly into the same category of an offense that was charged, and as a result of finding him not guilty, that his record is and should be cleansed of that violation—

"THE COURT: When we speak of 'cleansing the record,' we are not whitewashing our minds of anything and everything that has happened in the past. What we mean by 'cleansing the record' is that this man, up to this point, has never been convicted of a felony, and that's all it means."

So the record conclusively discloses that the reason the probation officer's report contained the information regarding the prior burglary charge in question was that appellant had himself so informed the probation officer. It also shows appellant specifically requested the court not to consider that prior charge of criminal conduct for the purpose of imposing the sentence, and it discloses the court's interpretation of the effect of a withdrawal of the plea of guilty and the dismissal of the charges with respect to the prior burglary.

In addition to the portion of the transcript quoted, the record further discloses that appellant was given an opportunity to present evidence in response to the probation report, and that appellant did in fact present two letters from a Dr. Briggs—a psychiatrist—who had examined the appellant and who had written the letters giving his opinion concerning treatment and possible rehabilitation of appellant subsequent to having seen the pre-sentence report of the probation officer. The portions of the letters by Dr. Briggs which were deemed most important by appellant's counsel and which were read into the record are as follows:

" 'Your client, Mr. Donald Ballard, has seen me on two occasions, on November 4 and November 14, 1968. This young man is able to give a coherent history of his life and of the activities which have brought him into conflict with society. He volunteers that he believes he was quite a bully throughout his grade school and high school years and that he was subject to impulsive and irrational behavior with little regard for the welfare of others. Most of the activities which brought him to the attention of the authorities in his earlier days were of a minor nature, for example, traffic violations and possession of beer. He does seem to understand that it will be necessary for him to make radical changes in his behavior and outlook in order to prevent disastrous results to his future. He feels that he has begun to make these changes and is interested in continuing treatment in order to be more rational and responsible in his behavior. He points out that he has recently been married and hopes to exercise responsibility of a married man and eventually head of a family.

" 'I concur that this young man is a candidate for psychotherapy. I believe this would have more promise for his rehabilitation than confinement.'

"And his subsequent visit on December 6th, and Dr. Briggs' reply reads as follows:

" 'This is to confirm that Mr. Ballard still is in treatment and was seen on 6 December 1968. The patient remains employed and does have definite plans for furthering his education within the next year or two if circumstances permit.

" 'My recommendations remain unchanged.' "

The record also indicated that appellant had recently become married; but what effect this might have on appellant's behavior was still unknown.

At the completion of the arraignment the trial court entered a judgment of guilty of burglary in the first degree and sentenced the defendant-appellant to the state penitentiary for an indeterminate term not to exceed 15 years.

This is the judgment and sentence from which this appeal was perfected.

The record also contains what is termed an "Augmentation of Minute Entry," such entry being as follows:

"The defendant having appealed the above-entitled matter to the Supreme Court of the State of Idaho, and said defendant desiring a more explicit statement by the Court as to what matters he took into consideration in sentencing said defendant, it is hereby expressly stated by the Court that among the 'former proceedings' considered by this Court and entitled such in the minute entry dated December 9, 1968, was a proceeding in which said defendant originally pleaded guilty to a charge of first degree burglary, sentence having been withheld during probation; and after which probation having been adequately served, the defendant was permitted to come into Court and withdraw his plea of guilty and substitute a plea of not guilty, after which the action was dismissed by the State. In spite of the final disposition of the above mentioned burglary case this Court believes that the defendant's past felonious conduct and his prior guilty plea followed by a probation served by the defendant was a factor to be taken into consideration in sentencing said defendant and aided the Court in determining that said defendant was not suitable for probation but instead should be sentenced to the State Penitentiary for a term not to exceed fifteen years.

"In addition to the following proceeding, the Court also took into consideration the pre-sentence report filed in the above entitled matter, as well as Exhibits 'A' and 'B'.

"Dated this 11th day of February, 1969."

Appellant makes three assignments of error: (1) That the district court erred in sentencing the appellant to the State Penitentiary without suspending such sentence and putting him on probation, and in his brief it is contended that under the facts presented to the trial court appellant was entitled to probation *as a matter of law*; (2) That the trial court erred in taking into consideration the previous charge of burglary against appellant when in fact his plea of guilty to that charge had been withdrawn and the charge dismissed after appellant had served a period of probation thereon. Appellant contends the trial judge considered the prior charge as if it had been a felony committed by appellant and for which he had been convicted, thus constituting a prior felony conviction on his record; and (3) that "Either the Court erred or the pre-sentence report was prejudicially erroneous for containing information concerning charges that have been dismissed against the defendant as probative of the fact that the defendant in fact committed the alleged wrongs, that the charges of which were later dismissed."

We are of the opinion that the judgment of the trial court should be affirmed.

Concerning appellant's first assignment of error, this court has previously held that probation is not a matter of right but that it may be granted a defendant through the exercise of sound discretion by the trial court. Franklin v. State, 87 Idaho 291, 392 P.2d 552 (1964). It only follows as a matter of course that if probation may be granted, it may be denied in the exercise of sound discretion. Under the facts adduced in the record before us, we cannot hold that the trial court abused its discretion in denying probation to the

appellant. Therefore the court committed no error in so doing.

 Concerning the second assignment of error, and in particular appellant's contention that the trial judge had considered the prior burglary charge as if it had constituted a felony conviction, it completely ignored the statement by the trial judge hereinbefore quoted in which he specifically noted the procedure followed, then definitely concluded that appellant "has never been convicted of a felony." It is true that the trial judge also stated that " * * * we are not whitewashing our minds of anything and everything that has happened in the past * * * " indicating that he perhaps intended to consider this information in determining the sentence to be given appellant. However this does not constitute reversible error.

It is important to realize that a trial court has much more latitude regarding information which it may consider for purposes of sentencing once a criminal defendant's guilt has been established than the court or the jury could have considered at the phase of a trial in which the state is attemping to establish a defendant's guilt. Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). Mr. Justice Douglas in the course of the opinion for the court stated:

"We held in Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, that the Due Process Clause of the Fourteenth Amendment did not require a judge to have hearings and to give a convicted person an opportunity to participate in those hearings when he came to determine the sentence to be imposed. We said:

" 'Under the practice of individualizing punishments, investigational techniques have been given an important role. Probation workers making reports of their investigations have not been trained to prosecute but to aid offenders. Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information. To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation. We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues.' (citations omitted)"

This reasoning is equally applicable to the cause at hand.

In the recent case decided May 8, 1969, State v. Moore, 93 Idaho 14, 454 P.2d 51, this court upheld a district court which had denied probation to a defendant and in doing so had considered certain materials from the administrative files of the Idaho Department of Finance, the Washington State Insurance Commissioner and the Securities Exchange Commission. This court found no abuse of judicial discretion in considering such hearsay material in a sentencing procedure. In interpreting I.C. § 19–2601, the statute under which a district judge is permitted to place a defendant on probation, the court noted and held as follows:

"In the process of determining whether a grant of probation is appropriate in view of the considerations mentioned above, the trial court necessarily must be permitted to evaluate a broad range of information about the defendant's personality. This information may be gathered from many sources. The question whether sentence should be

imposed or probation granted must turn upon the individual case. Very little information about a defendant will be irrelevant to the effort of the law to individualize treatment of convicted persons.

"On the other hand, however, this Court has insisted that certain procedures be followed in probation proceedings in order to insure the reliability and fairness of the conclusions drawn about the defendant's personality. Thus, in both probation application and probation revocation proceedings it is required: (1) that the defendant be afforded a full opportunity to present favorable evidence; (2) that the defendant be afforded a reasonable opportunity to examine all the materials contained in the pre-sentence investigation report; (3) that the defendant be afforded a full opportunity to explain and rebut adverse evidence. * * *" (454 P.2d at p. 54.)

In the case at bar it is undisputed that each of the three safeguards laid down in *Moore* were amply afforded appellant. First, appellant was permitted to introduce the two letters from Dr. Briggs, the psychiatrist, during the sentencing proceedings and certainly they must be deemed "favorable evidence." Secondly, the record discloses an admission in open court both by appellant and his counsel that they had had ample opportunity to examine the pre-sentence investigation report and had in fact submitted the report to their expert witness, i. e., Dr. Briggs, for use in preparing his letters which were introduced during the sentencing proceedings for and on behalf of appellant. Thirdly, there is no showing in the record or no complaint on the part of appellant that he did not have full opportunity to explain and rebut adverse evidence which, in fact, consisted entirely of the pre-sentence report of the probation officer.

Thus we find no merit in appellant's second assignment of error.

The third assignment of error is largely repetitious of the second except that it contains an additional allegation that it was prejudicially erroneous for the pre-sentence investigation report to contain the information regarding the previous burglary charge which had in fact been dismissed after the successful probation period. As previously pointed out herein, the record discloses that such information was voluntarily given by the appellant himself to the probation officer. The trial judge committed no error in considering such information in the manner in which he did, in arriving at a proper sentence and in denying probation for the appellant.

Judgment and sentence affirmed.

McFADDEN, C. J., and McQUADE, DONALDSON and SHEPARD, JJ., concur.