525 P.2d 360

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gay Dean STANDLEE, Defendant-Appellant.**

**No. 11487.**

Supreme Court of Idaho.

Aug. 6, 1974.

**166**

May, May & Sudweeks, Twin Falls, for defendant-appellant.

W. Anthony Park, Atty. Gen., James P. Kaufman, Asst. Atty. Gen., Boise, Eugene D. Fredericksen, Prosecutor, Jerome, for plantiff-respondent.

McQUADE, Justice.

This action concerns the sentences imposed on the defendant-appellant, Gay Dean Standlee. The appellant was involved in a shooting in which he killed his ex-wife and attempted to kill her husband. The appellant was charged with murder in the first degree and assault with a deadly weapon with intent to murder, and he entered a plea of guilty to the reduced charges of voluntary manslaughter and assault with intent to commit murder. A pre-sentence investigation report was prepared for the trial court, and the defense counsel submitted four psychological evaluations of the appellant to the trial court. The appellant was sentenced for a period not to exceed 10 years on the voluntary manslaughter charge and for a period not to exceed 10 years on the attempted murder charge, and the sentences were ordered to run concurrently. This appeal is from the judgment of conviction and from the sentences imposed.

In the appellant's first assignment of error, he argues that the trial court erred in refusing to grant him probation. He points out that he had no previous record, that he was employed, and that he had a family. It has been held that,

"[T]he granting of probation is not a matter of right. A defendant does not become automatically entitled to a sentence of probation upon presenting a certain quantum of mitigating evidence in his favor. A sentencing hearing is not analogous to a civil trial in which the plaintiff is entitled to a judgment in his favor if he meets his burden of proof."[1]

1. State v. Ogata, 95 Idaho, 309, 508 P.2d 141, 144 (1973). See also: I.C. § 19–2601; State v. Kauffman, 94 Idaho 20, 480 P.2d 614 (1971).

The decision of whether to grant probation is within the discretion of the trial court.[2]

■ It has been established that the trial court must consider the following guidelines in reaching a decision of whether to grant probation:

"(1) all the facts and circumstances surrounding the offense of which the applicant is convicted; (2) whether the applicant is a first offender; (3) the previous actions and character of the applicant; (4) whether the applicant might reasonably be expected to be rehabilitated; (5) whether it reasonably appears that the applicant will abide by the terms of the probation, and; (6) the interests of society in being protected from possible future criminal conduct of the applicant." [3]

Before imposing the sentences, the trial court stated:

"Gentlemen, I think there is one thing we can all agree on, and that is simply this: This entire matter was a tragedy from the very moment of its inception. It remains a tragedy. As much as I would like to believe that it is in my power to change this situation into something less tragic, I don't think I'm human enough and smart enough to know that that is not within my power.

I agree with the majority of the things that you have stated Mr. May. I am inclined to think that if I was burdened only with the duty of concerning myself with Mr. Standlee's welfare, that I would give serious consideration to probation. But I am burdened with a greater duty. It seems to me that I sit here as a fulcrum with a teetertotter on my back. I must consider the welfare of Mr. Standlee and Mr. Standlee's children. And on the other side, the concerns of society and the public. When I do that, I don't believe that I can arrive at the conclusion that you have arrived at Mr. May.

I think any of us that have been involved in criminal procedure and the criminal law recognize that good logic, good reasoning, and our procedures in penology are not exactly compatible. In spite of that, we are going to have to work with whatever we have to work with and it all adds up to this: So far as Mr. Standlee's welfare is concerned, probation might be in order. So far as society, the public, is concerned—and I include myself in the public—I don't think we have reached that stage where retribution is entirely lacking in the sentencing process. Nor have we reached the stage where we have been convinced that punishment is not some deterrent so far as other members of society are concerned. In short, I'm convinced that this is not a type of case in which I should, nor will, consider probation."

From the above record it is apparent that the trial court considered the six factors and reached the conclusion that probation should not be granted. The trial court did not abuse its discretion in denying probation.

■ The appellant's second assignment of error argues that the sentences imposed by the trial court were excessive. The length of sentences are within the discretion of the trial court, and ordinarily there is no abuse of discretion when the sentences are within their statutory limits.[4] There was no abuse of discretion by the trial court in the sentences imposed.

■ In the appellant's third assignment of error it is argued that the trial court erred in sentencing by relying on I.C. §

---

2. State v. Cornwall, 95 Idaho 680, 518 P.2d 863 (1974); State v. Kauffman, 94 Idaho 20, 480 P.2d 614 (1971); State v. Ballard, 93 Idaho 355, 461 P.2d 250 (1969).

3. State v. Cornwall, 95 Idaho 680, 518 P.2d 863, 866 (1974). See also: State v. Ogata, 95 Idaho 309, 508 P.2d 141 (1973); State v. Kauffman, 94 Idaho 20, 480 P.2d 614 (1971).

4. State v. Ogata, 95 Idaho 309, 508 P.2d 141 (1973); State v. Butler, 93 Idaho 492, 464 P.2d 931 (1970); State v. Dunn, 91 Idaho 870, 434 P.2d 88 (1967).

20–223 which is alleged to be unconstitutional. It is provided in I.C. § 20–223 that no person who is serving a sentence where violence is an element of the crime shall be released on parole before he has served at least one-third of his sentence. The appellant's challenge to I.C. § 20–223 is premature since there has been no application by the defendant and denial by the board of parole. This issue is not before us and will not be considered.

The trial court's judgment of conviction and sentences are affirmed.

DONALDSON, McFADDEN and BAKES, JJ., and COGSWELL, District Judge, concur.