593 P.2d 392

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Barbara PIERCE, Defendant-Appellant.**

**No. 12358.**

Supreme Court of Idaho.

April 10, 1979.

Jeffrey M. Wilson, Matthews, Lee & Wilson, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Steve Parry, Deputy Attys. Gen., for plaintiff-respondent.

Before SHEPARD, C. J., DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem.

PER CURIAM:

Following a jury trial, appellant Barbara Pierce was convicted of second degree burglary and sentenced to the Ada County jail for one year, subject to review within 120 days, and probation for three years beginning with her release from jail. She brings this appeal arguing that the trial court abused its discretion in imposing that sentence. We affirm.

From the record on appeal, appellant was apparently engaged in a scheme of shoplifting clothing from a K–Mart store in Boise and then returning the clothing to another Boise K–Mart store for a cash refund. In the process she was arrested along with Cherie and Edwin Dixson. Cherie later pleaded guilty to second degree burglary. Edwin was charged with aiding and abetting the burglary, but that charge was later dismissed.

Prior to the sentencing hearing, the prosecutor's office submitted to the district court a "written recommendation" on sentencing which summarized the trial testimony of various witnesses, concluded that the appellant "was motivated to take the merchandise for a profit" and that "one use of these cash moneys was for the purchase of food stamps," and urged that the appellant be sentenced to the penitentiary for two years with the court retaining jurisdiction for 120 days or sentenced to six months incarceration in the Ada County jail. At the sentencing hearing the prosecutor made reference to the criminal record and involvement of Edwin Dixson. The prosecutor mentioned Dixson's criminal record while explaining why this case was handled by a special "major crimes unit" of the prosecutor's office and referred to Dixson's involvement in the crime while emphasizing that the appellant was not merely shoplifting but was involved in "a planned opera-

tion" by "a band of people" who supported themselves by such thievery.

Before imposing the sentence, the district court told the appellant: "I am satisfied that you were involved in stealing for profit beyond this single incident [and that] you associated yourself with people who engaged themselves in planned theft." The court acknowledged, however, that the appellant was young and had not been formally charged with or convicted of any other crimes. The district court then sentenced the appellant to one year in the Ada County jail, subject to review in 120 days, and probation for three years beginning with her release from jail. The court also ordered that she be given work release privileges during the 120 day period in order for her to continue her present job and that she take the necessary steps to obtain her Graduate Equivalency Degree. In imposing the sentence the district court stated that it sought to balance the public interest, which demanded a harsh punishment in order to deter this type of criminal activity, and the appellant's individual interest, which suggested leniency.

The appellant brings this appeal arguing (1) that the sentence imposed by the district court was based on improper statements by the prosecutor concerning Edwin Dixson and on the unwarranted written recommendations submitted by the prosecution, and (2) that the sentencing court abused its discretion by refusing to withhold judgment and place her on probation.

■ A sentencing hearing is not a trial. The strict evidentiary rules which govern the proceedings in which the defendant's guilt is determined are not rigidly applied during the sentencing proceedings. *State v. Ballard*, 93 Idaho 355, 461 P.2d 250 (1969). Although the criminal record of Edwin Dix-

son, to which the prosecution referred, was not particularly germane to the matters before the sentencing court, the sentencing judge is presumably able to ascertain the relevancy and reliability of the broad range of information and material which may be presented to it during the sentencing process and to disregard the irrelevant and unreliable. It is not improper practice for the prosecution to make a sentencing recommendation.[1] Moreover, the appellant was provided with a copy of the prosecution's written recommendations prior to the sentencing hearing and at the hearing was provided with a full opportunity to present favorable evidence and to explain or rebut any adverse evidence or comments by the prosecution. *See State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969). In sum, we find no reversible error in the sentencing proceedings in this case.

■ The record indicates that the district court carefully and conscientiously considered the circumstances of the crime, the appellant's background and that this was her first offense, and wisely weighed the interests of the public against her individual interests in imposing the sentence. *See State v. Standlee*, 96 Idaho 165, 525 P.2d 360 (1974). We can find no abuse of the trial court's sentencing discretion in this case.

Affirmed.

---

1. An early draft of the American Bar Association's standards urged that the prosecutor ordinarily not make sentencing recommendations where the sentence is fixed by the court and the court has not specifically requested a recommendation. ABA Standards Relating to the Prosecution Function, 6.1(b) (approved draft 1971). We note, however, that in a more recent draft the American Bar Association has stated that "[w]here sentence is fixed by the court without jury participation, the prosecutor should be afforded the opportunity to address the court at sentencing and to offer a sentencing recommendation." ABA Standards Relating to the Administration of Criminal Justice, Prosecution and Defense Function, 3-6.1(b) (2d ed. Tent.Draft, Fall 1978).