620 P.2d 795

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stephen BOWCUTT,
Defendant–Appellant.**

**No. 13196.**

Supreme Court of Idaho.

Dec. 19, 1980.

Mark W. Russell of Kneeland, Laggis, Korb, Collier & Benjamin, Ketchum, for defendant–appellant.

David H. Leroy, Atty. Gen., Timothy C. Walton, Deputy Atty. Gen., Boise, for plaintiff–respondent.

BAKES, Justice.

Defendant Stephen Bowcutt appeals his sentence, contending that the sentencing court abused its discretion.

On August 17, 1978, defendant was charged by complaint with one count of first degree burglary. He entered a plea of not guilty on September 1, 1978. On September 18, 1978, another complaint was filed charging defendant with six more counts of first degree burglary. He was subsequently bound over on four of those counts and pleaded not guilty. Later, he changed his plea to guilty on all five remaining counts of both informations. The district court ordered a presentence investigation. After a hearing the court sentenced defendant to an indeterminate period of incarceration not to exceed nine years on all five counts of both informations, all of which sentences were to run concurrently. The defendant appeals from those sentences.

The sentence imposed by the court below was well within the statutory maximum limit prescribed for the crime of first degree burglary. I.C. § 18–1403. Where the sentence imposed is within the statutory limits, an appellant has the burden of showing a clear abuse of discretion on the part of the sentencing court. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979); *State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976).

The defendant insists that the district court abused its sentencing discretion in four respects. First, defendant contends that the district judge harbored prejudice against the defendant because of his use of the public defender. The district court on several occasions voiced some concern about

defendant's ability to put up bond, but inability to retain private counsel. The district judge also informed the defendant that he may be subsequently liable to the county in a suit for reimbursement for the legal services of the public defender. We have reviewed the district judge's statements and find neither error nor prejudice. Courts are required to conduct inquiries into a defendant's need for public defense. I.C. § 19–854(a). While release on bail does not necessarily prevent a defendant from qualifying for public defense, I.C. § 19–854(b), a court may nonetheless consider it as a factor in making a determination of need. Finally, the court did not err in accurately informing the defendant of the possibility of a later suit by the county for reimbursement for the cost of legal assistance. I.C. § 19–858.

▮ Secondly, defendant contends that the sentencing court erred in admitting the testimony of the state's witnesses regarding the value of the merchandise taken during the burglary. The admission and consideration of such evidence was not error. A trial court has considerable latitude in admitting evidence pertinent to sentencing. *State v. Ballard*, 93 Idaho 355, 461 P.2d 250 (1969). *See e. g., State v. Pierce*, 100 Idaho 57, 593 P.2d 392 (1979). The nature and gravity of the offense are of course appropriate considerations for a sentencing court. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). Moreover, one of the objectives of criminal punishment is retribution. *State v. Wolfe, supra* ; *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Moore*, 78 Idaho 359, 304 P.2d 1101 (1957).

▮ Next, defendant takes issue with the trial court's comparison of the defendant and his co–defendant. The defendant points to the fact that his co–defendant received a lesser sentence, and that the district court unfavorably portrayed the defendant as the leader and the co–defendant as the follower. However, the trial court's characterization of the defendant as a leader finds support in the psychological evaluation found in the presentence investigation. Moreover, the mere fact that co–defendants are given disparate sentences for the same crime or crimes does not constitute an abuse of discretion on the part of the court imposing the sentences. *State v. Seifart*, 100 Idaho 321, 597 P.2d 44 (1979).

▮ Finally, defendant contends that his sentence was excessive. We cannot conclude that the district court's sentence constituted an abuse of discretion. Defendant pleaded guilty to a total of five first degree burglaries. The presentence report indicated that the defendant had a prior felony charge reduced to petit larceny, to which he pleaded guilty. At that time, he was given the opportunity to clear himself of past criminal activity. He denied any other criminal involvement, although only one month earlier he had committed one of the burglaries now comprising the subject matter of this appeal. Additionally, the defendant's presentence report was in general unfavorable, as were portions of the testimony of witnesses testifying on his behalf.

In view of the foregoing, the court below did not abuse its discretion in sentencing the defendant. Affirmed.

DONALDSON, C. J., and SHEPARD, McFADDEN and BISTLINE, JJ., concur.

BISTLINE, Justice, specially concurring.

Although I am concurring in the Court's opinion, I am not entirely satisfied with the statement that there was no error in the admission and consideration of evidence "regarding the value of the merchandise taken during the burglary." The evidence received, *and considered*, went beyond mere value evidence, with one witness testifying that the loss of merchandise taken from his business place threw him into bankruptcy. That this is a collateral issue, and one which defendant and his counsel were both unprepared and powerless to refute is not open to doubt. I am not at all convinced that the prosecutor should have been allowed to interject that element into the court's sentencing function.

For a youthful offender of but nineteen years, I would have thought that on his first trip to the main yard a sentence of two

to three years maximum very well might have served the various societal interests as does the heavier sentence of nine years maximum. And I tend to agree with his counsel that a nine year sentence for the crime committed is considerably higher than is ordinarily meted out to the youthful offender who is going to experience his first taste of prison life. *See*, for example, *State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977), where Judge Maynard of the Second District awarded a five year sentence to a twenty year old for a crime of violence and armed robbery, and *State v. Harwood*, 98 Idaho 793, 572 P.2d 1228 (1977), where Judge Prather of the First District awarded a five year term to a youth who was guilty of burglary at age seventeen.

Nonetheless, as defense counsel may well take note, the Court's opinion today discloses that a meaningful sentence review was indeed made, and went well beyond observing that the sentence was within the statutory limits. There can be no serious contention that the defendant had not embarked upon an illegal and ill–starred career as a professional burglar. All considered, it is of considerable significance that the sentence was imposed by a district judge of the particular district where the crime took place, and the sentence meted out is undoubtedly reflective of the view of the people in that district that they want their elected judges to hand out sentences severe enough to insure the domestic tranquility. In that regard, while statewide evenness of sentences may still be a desirable and viable goal, it cannot be categorically said that the various geographic areas of the state should be without some right in desiring and electing a judiciary reflective of the anti–crime views and philosophies of the people who live therein.

Defendant's lesson may have by now been learned, and on the remittitur going down, if such can be demonstrated to the trial court, avenues are open which allow defendant to ask the court for a reduction in sentence. See I.C.R. 35.