719 P.2d 1209

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Craig William HESSE, Defendant-Appellant.**

No. 15735.

Supreme Court of Idaho.

May 23, 1986.

William J. Brauner and Byron Meredith, Caldwell, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and A. Rene Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

ON DENIAL OF PETITION FOR REHEARING

HUNTLEY, Justice.

The State of Idaho charged Craig William Hesse with felony theft. At his initial appearance Hesse requested appointment of counsel, which the magistrate court, following an indigency hearing on January 25, 1984, denied on grounds Hesse was not indigent. The magistrate continued arraignment to January 27, 1984. On that date, Hesse said he had consulted with attorney Gary Lew, who could not attend the arraignment. The court further continued the arraignment to February 3, 1984. On that day, Hesse said Lew represented him, but again could not attend. Hesse requested a preliminary hearing, which the court set for February 28, 1984. The court

instructed Hesse to have his counsel file a notice of appearance with the court.

Hesse appeared for the preliminary hearing without counsel, claiming he had been unable to retain counsel. The magistrate refused to proceed in the absence of counsel and instructed Hesse to pick a date upon which counsel could be present. Hesse chose March 7, 1984, for which date the court rescheduled the hearing. On March 7, 1984, Hesse again appeared without counsel but advised the court he was ready to proceed. The preliminary hearing resulted in Hesse being bound over on charges of grand theft.

On March 30, 1984, the district court arraigned Hesse, at which time Hesse again requested appointment of counsel. The district court conducted a second indigency hearing and found him ineligible for appointment of a public defender, despite Hesse's assertion he was unable to retain counsel. Hesse waived his right to counsel at the arraignment and pleaded not guilty. The district court said it would reconsider the appointment of counsel if Hesse could not obtain counsel within a reasonable time.

The court set May 31, 1984 as the trial date and advised Hesse to retain counsel. Eight days prior to the trial, on May 23, 1984, the district court appointed a public defender for Hesse in order to prevent further delay. Upon motion of the public defender, the court vacated the May 31, trial date, resetting the trial for July 2, 1984.

On May 25, 1984, the state moved to quash the court's order appointing a public defender on grounds Hesse did not meet the statutory requirements of indigency. At a hearing on the same day, May 25, 1984, held for the purpose of determining whether to grant the public defender's motion for a continuance, the court stated the public defender had been appointed for the purpose of avoiding further motions for continuance, and not because of Hesse's financial need. Nevertheless, on May 30, 1984, the district court signed an order typed at the bottom of the state's motion to quash the order appointing counsel. The order read in full: "IT IS SO ORDERED." Neither the public defender nor Hesse received service of the order.

The public defender learned from Judge Williams on or about May 29, 1984 (the day before the date of the order) "that [his] appointment as legal counsel for Craig W. Hesse had been reconsidered and ultimately denied, which effectively dismissed [him] as attorney of record for Craig W. Hesse...." (This quotation is taken from the affidavit of Hesse's public defender.) The public defender, sometime between May 29 and June 8, 1984, told Hesse he no longer represented Hesse. The court advised Hesse on June 28, 1984 that the public defender no longer represented him. Hesse petitioned for reappointment of a public defender and detailed to the court his inability to retain counsel.

On the trial date of July 2nd, 1984, the judge refused to appoint counsel for Hesse and denied Hesse's motion for a continuance of the trial date. Hesse defended himself at trial, the jury convicted him, and the court sentenced him, all without the assistance of counsel. The court denied Hesse's motion for a new trial. The court sentenced Hesse to an indeterminate term not to exceed ten years, a $5,000 fine, $4,000 in restitution, and court costs of $14.50.

Hesse asserts the trial court's initial refusal to appoint counsel for him, followed by its subsequent appointment and sudden removal of counsel, violated his constitutional rights to procedural due process and effective assistance of counsel. U.S. Const. amends. V and VI; Idaho Const. art. I, § 13. Indigent defendants charged with felonies have the right to court-appointed counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 31–33, 92 S.Ct. 2006, 2009–11, 32 L.Ed.2d 530 (1972); *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980); I.C. § 19–852 (1984).

■ In response to Hesse's first request for court-appointed counsel, the magistrate court had held an indigency hearing under

I.C. § 19–854 (1984) and found Hesse not indigent. The district court made a second determination of non-indigency on March 30, 1984. Factors supporting the court's conclusion included the fact that Hesse had recently dismissed a retained attorney (due to an alleged conflict of interest), Hesse and his wife were employed and took home $2,053 monthly, owned two cars, and owned real estate valued at $40,000. Hesse had also posted bond, a factor weighing against the finding of indigency. I.C. § 19–854(b) (1984); *State v. Bowcutt*, 101 Idaho 761, 763, 620 P.2d 795, 797 (1980).

Once the court had found Hesse not indigent, the burden fell upon Hesse to apprise the court of any subsequent circumstances rendering him indigent. *Allen v. People*, 157 Colo. 582, 404 P.2d 266, 267 (1965). Hesse never made such a showing.

█ Since Hesse was never entitled to appointed counsel in the first instance, the issue therefore becomes whether the trial court's appointment, followed by its sudden revocation of Hesse's counsel, prejudiced Hesse's case. A review of the record shows it obviously did not. In fact, during the six days in which the public defender represented Hesse, the public defender succeeded in having Hesse's trial continued for five weeks, providing him with additional time to prepare for trial. During that five week period Hesse failed to retain counsel. He made no showing of indigency which would have allowed reinstatement of the public defender. The court's removal of Hesse's counsel did not prejudice Hesse, deprive him of procedural due process, or of his right to effective assistance of counsel. Hesse next urges that the trial court erred in denying his motion made on the morning of trial for another continuance.

█ Hesse raises for the first time on appeal, the further argument that the trial continuance should have been granted because nothing in the record shows that he was formally notified of the trial date until June 28th, just four days prior to trial. That matter was not raised before the trial court at the opening of trial as a ground for continuance of the trial date. Thus, the lack of notice, if such did in fact exist, was not preserved as error and may not properly be raised for the first time on appeal.

The judgment of the trial court is in all respects affirmed.

DONALDSON, C.J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

The majority misconstrues the issue of this case by stating: "Since Hesse was never entitled to appointed counsel in the first instance, the issue therefore becomes whether the trial court's appointment followed by its sudden revocation of Hesse's counsel prejudiced Hesse's case." Maj. op., p. 951, 719 P.2d p. 1211. That is *not* the issue before us. The issue presented is whether Hesse was denied due process of law when the district court deprived him of counsel without giving Hesse advance notice that it was considering such action, and without giving Hesse an opportunity to respond to the motion—a motion which the prosecutor impermissibly submitted to the court *ex parte*.

The facts of this case as set forth in the majority opinion are in need of substantial clarification. On May 23, 1984, the district court stated that this was a "proper case" for appointment of an attorney, and did so. The court also ordered that Hesse would reimburse the state at the rate of $25.00 per month to defray the costs of the appointed attorney.

Disenchanted by the court's order to provide Hesse with an attorney, on May 25, 1980, the state moved the court to reconsider and quash the order. The motion was not noticed up for a hearing and was not served upon Hesse's attorney or Hesse. Furthermore, no hearing was ever held.[1]

---

1. In an affidavit, the public defender stated that he was only notified of the court's decision on the motion *after* the district judge had already made up his mind.

On May 30, 1984, the court entered an order granting a motion by Hesse's counsel to continue the trial. On the *same* day, the court, by telephone message, advised Hesse's counsel that his appointment had been revoked. In turn, Hesse's counsel notified Hesse by telephone that he no longer represented Hesse. No written order quashing the appointment of Hesse's counsel was ever delivered to Hesse or Hesse's attorney. Given the facts of this case, I would expect any legal mind to readily conclude that Hesse's due process rights were violated by such bizarre proceedings.

Article 1, § 13 of the Idaho Constitution declares unequivocally that: "In all criminal prosecutions, the party accused shall have the right ... to appear and defend in person and with counsel." In the landmark case of *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 (1963) the United States Supreme Court made it abundantly clear that the right to counsel is constitutionally protected by the federal constitution and all state constitutions:

> The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law.

In *Powell v. Alabama*, 287 U.S. 45, 68–69, 53 S.Ct. 55, 63–64, 77 L.Ed. 158 (1932), Justice Sutherland stated:

> The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he may have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence.

In *Faretta v. California*, 422 U.S. 806, 835–40, 95 S.Ct. 2525, 2541–44, 45 L.Ed.2d 562 (1975), Chief Justice Burger, in eloquently detailing the responsibility of a trial court to ensure that a defendant is adequately represented, placed strong significance on the roles of both the prosecutor and the trial judges:

> Although we have adopted an adversary system of criminal justice, see *Gideon v. Wainwright, supra,* the prosecution is more than an ordinary litigant, and the trial judge is not simply an automaton who insures that technical rules are adhered to. *Both are charged with the duty of insuring that justice, in the broadest sense of that term, is achieved in every criminal trial.* See *Brady v. Maryland,* 373 U.S. 83, 87 and n. 2, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963); *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). (Emphasis added.)

How can it be said that the district court insured that justice was achieved when Hesse was deprived of counsel without allowing either Hesse or his attorney to be heard on the state's motion? What procedural and substantive safeguards were followed when the court and the state never even notified Hesse or his counsel of the state's motion to quash the appointment? None.

As long ago as 1921, long before *Powell, Gideon,* and *Faretta,* this Court observed that: "Due process of law requires that one be heard before his rights are adjudged." *Mays v. District Court,* 34 Idaho 200, 207, 20 P. 115 (1921). In *Abrams v.*

*Jones,* 35 Idaho 532, 546, 207 P. 724 (1922), this Court added: "Due process of law is not necessarily satisfied by any process which the legislature may by law provide but by such process only as safeguards and protects the fundamental constitutional rights of the citizen." *See also Gilbert v. Elder,* 65 Idaho 383, 388, 144 P.2d 194 (1943) ("[D]ue process of law has been variously held to mean a law which hears before it condemns...."). As recently as 1983, this Court responsibly declared that: "The right to procedural due process under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given *meaningful notice* and a *meaningful opportunity to be heard.*" *Rudd v. Rudd,* 105 Idaho 112, 115, 666 P.2d 639, 642 (1983).

Can it be said that Hesse's right of counsel was heard and determined against him only after being given meaningful notice and a meaningful opportunity to be heard? Of course, it cannot be said.

The decision of today's majority perpetrates a gross violation of Hesse's constitutional due process rights. When Hesse is dealt such an outrageous intrusion and deprivation of constitutional rights, it is not just Hesse who suffers, but Everyman. *See Brinegar v. United States,* 338 U.S. 160, 181, 69 S.Ct. 1302, 1313, 93 L.Ed. 1879 (1949) (Jackson, J., dissenting).

Not the issue here is the contention that Hesse was not qualified for court-appointed counsel. The fact of the matter is that the district court acting under the mandate of two constitutions and Idaho statutory law created the relationship of attorney-client. That relationship once created—whether rightly or erroneously—cannot be unilaterally dissolved by the arbitrary action of a judge and prosecutor. This is not to say that it cannot be done at all, but is to say that the elements of caprice and arbitrariness in tearing that relationship asunder have trespassed upon constitutional requirements of due process. To my mind there is no conceivable difference between counsel having been privately retained or court-appointed. It is the existence of the relationship which matters.

What is at issue, and what the majority is unable to comprehend is that *a district court should not be allowed to deprive a defendant of counsel without first having provided a hearing after giving adequate notice.*