727 P.2d 1253

The STATE of Idaho,
Plaintiff-Respondent,

v.

Joe Lynn COWGER,
Defendant-Appellant.

No. 15881.

Court of Appeals of Idaho.

Oct. 22, 1986.

Alan E. Trimming and Amil Myshin, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review case. Pursuant to a plea bargain agreement Joe Cowger pled guilty and was convicted on one count of grand theft. The prosecutor recommended a ten-year indeterminate sentence. However, the district court rejected that recommendation and imposed a fourteen-year indeterminate sentence. Cowger appeals, contending his sentence is excessive.

In March, 1984, deputies from the Ada County Sheriff's Office were patrolling the Indian Lakes subdivision near Boise as a result of recent burglaries in the area. Early in the evening, officers noticed a truck drive by them. Within minutes the

same truck came by again. Later the officers came upon the truck parked on the street. The officers checked the registration and found the truck was registered to Joe Cowger. The officers then checked Cowger's record and found it contained several offenses for theft. One officer stayed with the truck and the other officer began investigating some nearby houses. Soon one of the officers saw a flashlight shining in a house in a darkened area. As the officer investigated and approached the house, someone darted from a bush near the house. As the officer approached, the person jumped back "into the corner of the house or behind a bush." The officer ordered the person to "freeze," and when the person did not, the officer grabbed him and pushed him to the ground. The person was Joe Cowger. Cowger was handcuffed and searched. In the search officers found a pry bar, gloves, a flashlight, and a screwdriver. In his pockets were various items of jewelry, including a ring and some necklaces. Other jewelry had fallen into the street when Cowger was seized by the officer. Cowger was subsequently charged with burglary and grand theft. As a result of a plea bargain agreement, Cowger pled guilty to one count of grand theft. He was sentenced to a fourteen-year indeterminate term.

■ Our standards of sentence review are well-known. Absent a clear abuse of discretion, a sentence within the statutory maximum will not be disturbed. Fourteen years is the maximum sentence for grand theft under I.C. § 18–2407(1)(b). *See* I.C. § 18–2408. An abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Reasonableness was explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

> [A] sentence of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

> Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

For the purpose of appellate review, the duration of confinement under an indeterminate sentence is deemed to be one-third of the term. *State v. Toohill, supra.* Here, the duration of confinement is calculated to be four and two-thirds years.

When evaluating an exercise of sentencing discretion, we conduct an independent review of the record. We focus upon both the nature of the offense and upon the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The details of the burglary have been previously discussed. We note that no one was injured during the burglary. All the stolen jewelry was returned to the owners except a diamond engagement ring which apparently was lost in the street during Cowger's arrest.

■ We turn next to an examination of Cowger's character. Cowger contends that his involvement with alcohol and drugs was a primary influence in the commission of this crime. Cowger argues that having acknowledged his abuse of drugs and alcohol, and having indicated his intention to seek help through counseling for those problems, he has demonstrated a potential for change. He asserts that the potential for change justifies a lesser sentence. However, Cowger's record belies the realism of that potential. The district court in sentencing took note of Cowger's long history of criminal activity including two other burglaries and a grand larceny conviction dating back to 1981. At the time of sen-

tencing, still another burglary charge was pending against Cowger and the underlying information relating to that charge was presented to and considered by the district judge. Cowger also had been charged with violating his probation resulting from the 1981 convictions. The court noted that Cowger previously had received an opportunity for rehabilitation under the 120–day retained jurisdiction program. The judge noted that the program apparently had not been successful with Cowger.

The record shows the judge's concern that society be protected from Cowger's criminal activities. As noted, such a concern is the primary objective of sentencing. The record also indicates the judge considered the related aspects of rehabilitation and deterrence.

Cowger additionally argues that evidence submitted at the sentencing hearing, implicating Cowger in other burglaries in the area, may have "inflamed" the judge. The evidence consisted of a lab report that matched castings of pry marks from other burglaries to the pry bar found in Cowger's possession when he was arrested. In addition, an officer testified that since Cowger's arrest, only one other burglary had been reported in the Indian Lakes subdivision. The strict evidentiary rules which govern the proceedings in which the defendant's guilt is determined are not rigidly applied during sentencing hearings. *State v. Pierce,* 100 Idaho 57, 593 P.2d 392 (1979). A judge may receive a broad range of information relevant to the sentencing process. *Id.* Here, the evidence relating to other burglaries was clearly relevant to Cowger's sentencing. We are not persuaded that the judge was "inflamed" by this evidence.

Although we do not view Cowger's appeal as necessarily challenging the court's rejection of the prosecutor's sentencing recommendation, we note that a sentence recommendation to the trial court is purely advisory. *State v. Geier,* 109 Idaho 963, 712 P.2d 664 (Ct.App.1985). The record reflects that the judge had informed Cowger that he could receive a fourteen

year sentence on the grand theft charge. The court also specifically asked Cowger if he was pleading guilty simply in order to obtain the prosecutor's recommended limitation on sentencing. Cowger indicated that he was not.

We find no indication that the district judge abused his discretion. The sentence is affirmed.

BURNETT and SWANSTROM, JJ., concur.