835 P.2d 1353

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Franklin Maurice QUALLS,
Defendant–Appellant.**

**No. 19597.**

Court of Appeals of Idaho.

July 31, 1992.

Alan E. Trimming, Ada County Public Defender, Amil N. Myshin, Jr., Sr. Trial Atty., Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Franklin Qualls appeals from a judgment of conviction sentencing him to five years in the custody of the Board of Correction, with a minimum period of two years' confinement. We affirm.

Qualls was charged with two counts of delivery of hydromorphone, a controlled substance, I.C. § 37–2732, and with being a persistent violator, I.C. § 19–2514. Pursuant to plea negotiations, he pled guilty to one count, with the prosecutor agreeing to dismiss both the other count and the persistent violator allegation, and to recommend to the sentencing court that Qualls serve a fixed term of three years' confinement. The court declined to follow the state's recommendation, however, and sentenced Qualls to a fixed term of two years' confinement followed by an indeterminate period of three years. I.C. § 19–2513. Qualls appeals, arguing that the sentence imposed was unduly harsh.

■ Qualls' sentence is within the statutory maximum. I.C. § 37–2732(a)(1)(A). Accordingly, our review of his sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Absent a showing that the court abused its discretion, we will not disturb the sentence on appeal. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991); *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Qualls' actual term of confinement as two years. To establish that his sentence was improper, Qualls must show that, in light of the governing criteria, his sentence was excessive under any reasonable view of the facts. *State v. Small,* 107 Idaho 504, 690 P.2d 1336 (1984). In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

■ Qualls argues that sentence is unreasonable in light of his drug addiction, his cooperation with the criminal justice system after his arrest, and his pronouncements of remorse. We are not persuaded. The record shows that Qualls committed the instant offense while on parole for a similar crime—a factor weighing heavily with the sentencing judge. The presentence investigation report further reveals that Qualls is a self-admitted drug addict with an extensive criminal record, including four felony convictions, two misdemeanor convictions, and over a dozen arrests. Based on this record, we cannot say that a sentence of two years' confinement was unreasonable.

■ Qualls also contends that the court abused its sentencing discretion by

refusing to follow the recommendation of the prosecutor. We note, however, that the court is not bound by a sentence recommendation made by the state, even where that recommendation was offered in conjunction with a negotiated plea. *State v. Rossi*, 105 Idaho 681, 672 P.2d 249 (Ct.App. 1983). The state's recommendation is purely advisory and can be rejected by the court in its discretion. *State v. Cowger*, 111 Idaho 825, 727 P.2d 1253 (Ct.App.1986). Moreover, under the sentence imposed by the court, Qualls will be eligible for parole consideration at the end of two years, a lesser time than the three-year period of mandatory confinement recommended by the state.

We conclude that Qualls has not met his burden of demonstrating the court abused its discretion. Accordingly, we will not disturb his sentence on appeal. The judgment of conviction imposing a unified sentence five years, including a two-year fixed period of confinement, is affirmed.