572 P.2d 885

**The STATE of Idaho, Respondent,**

v.

**Louis Kevin ALLEN, Appellant.**

**No. 12110.**

Supreme Court of Idaho.

Dec. 28, 1977.

James J. May and Jon J. Shindurling of May, May, Sudweeks & Fuller, Twin Falls, for appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM:

Defendant was charged with first degree murder. At arraignment, he stood mute and the court entered a plea of not guilty in his behalf. Thereafter, a motion to suppress certain evidence was granted by the trial court, following which defendant pleaded guilty to voluntary manslaughter. A mitigation hearing was held, witnesses testified for the defendant and a presentence investigation report which had been ordered was submitted and discussed. Defendant was sentenced to the maximum sentence of 10 years in the state penitentiary.

A notice of appeal was filed immediately and an order was entered requiring the court reporter to prepare a transcript. The reporter's notes, however, had been lost, thereby necessitating a repeat sentencing hearing some nine months after sentence had first been imposed. The identical 10 year sentence was imposed, with defendant being given credit for the time already served. Defendant assigns as error: (1) the district court's refusal to grant probation, and (2) the district court's alleged abuse of discretion in imposition of the maximum 10 year sentence.

Counsel for defendant urges the Court to take cognizance of recent trends in sentencing law as embodied in the Model Sentencing Act developed by the Advisory Council of Judges on the National Council on Crime and Delinquency (1963); the A.B.A.'s Sentencing Alternatives and Procedures (1971); and the standards set forth by the President's Commission on Law Enforcement and Administration of Justice (1967).

▆ These documents stress the fact that the trial court must sentence the individual criminal, not the crime category. The process must, therefore, be an individualized consideration of

"(1) all the facts and circumstances surrounding the offense of which the applicant is convicted; (2) whether the applicant is a first offender; (3) the previous actions and character of the applicant; (4) whether the applicant might reasonably be expected to be rehabilitated; (5) whether it reasonably appears that the applicant will abide by the terms of the probation, and; (6) the interests of society in being protected from possible future criminal conduct of the applicant. *State v. Kauffman*, 94 Idaho 20, 480 P.2d 614 (1971); *State v. Mitchell* [77 Idaho 115, 289 P.2d 315], *supra; State v. Gish* [89 Idaho 334, 404 P.2d 595], *supra; State v. Ogata* [95 Idaho 309, 508 P.2d 141], *supra*." *State v. Cornwall*, 95 Idaho 680, 683, 518 P.2d 863, 866 (1974).

Such an approach to sentencing has already won the endorsement of this Court, as the above quotation indicates. A reading of the reporter's transcript in this case shows that the trial court methodically applied the above criteria and made the individualized consideration mandated by *State v. Cornwall, supra. And see State v. Standlee,* 96 Idaho 165, 525 P.2d 360 (1974).

The crime involved a barroom altercation following which defendant went after a gun, returned to the scene and shot the victim five or six times. The presentence report concluded that Allen had a poor chance of serving a trouble-free probation. The psychologist who testified as a defense witness was unable to say whether or not Allen would be likely to commit the same crime if, once again, he found himself in the same circumstances. The psychiatrist called on behalf of the defense could offer no assurances of a future pattern of non-violent conduct unless Allen became able to bring his drinking under control.

Counsel for defendant argues that these considerations are not controlling and that an opposite result would be reached if the sentencing judge had followed the modern approach of beginning with the assumption that probation is always the preferred sentence—especially where it is alleged, as here, that the defendant is a first offender whose crime was committed in a moment of passion rather than out of an established pattern of dangerous behavior.

▆ In the present case, the trial court clearly weighed these factors and was justified in determining that, on balance, impris-

onment was the proper sentence for defendant Allen. Such a determination is committed to the sound discretion of the trial court and, absent an abuse of that discretion, it will not be disturbed on appeal. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). As to the claimed harshness of the sentence, it is within the limits prescribed by the legislature, and our review of this record convinces us that the trial court did not abuse its discretion in imposing it on this defendant. *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976); *State v. Hawk*, 97 Idaho 1, 539 P.2d 553 (1975). Sentence affirmed.