604 P.2d 739

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Lyman Frederick WILSON, Defendant-Appellant.**

**No. 12616.**

Supreme Court of Idaho.

Dec. 28, 1979.

Charles E. Mooney, Lyons, Mooney & Bohner, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Howard Carsman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

This is an appeal of the sentence imposed by the magistrate and affirmed by the district court following a guilty plea for driving under the influence of intoxicating liquors.

The defendant-appellant, Wilson, was arrested and charged with driving a motor vehicle while under the influence of intoxicating liquor (DWI). I.C. § 49–1102. The charge was brought as a felony because the appellant had been previously convicted of the same offense. The charge was reduced to a misdemeanor and the appellant pled guilty to the offense. Following his plea, a presentence report was ordered and completed. The court imposed a sentence of six months incarceration in the Ada County jail to be suspended upon the condition that the defendant be placed on two years probation, that the defendant sell all motor vehicles within ten days and that he not drive any vehicle for any reason during the two-year probation. The appellant appealed to the district court which upheld the sentence except for the condition that he sell all vehicles within ten days.

The appellant argues that the court abused its discretion by sentencing him to six months in jail and by imposing the condition to his probation. We have reviewed the record and considered the argument made by counsel and find that there was no abuse of discretion in either. It is well established that the sentence to be imposed in any particular matter is within the discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion appears. A sentence that is within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. *State v. Seifart,* 100 Idaho 321, 322, 597 P.2d 44, 45 (1979); *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979). Where a sentence is within statutory limits an appellant has the burden of showing a clear abuse of discretion on the part of the court imposing the sentence. *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976); *State v. Cotton, supra.* The appellant has failed to meet this burden.

The appellant in the case at hand was initially charged with a felony as provided by statute, I.C. § 49–1102(a), (e). The maximum sentence for the crime charged is five years in the state penitentiary. Following the reduction in charge to a misdemeanor, the judge sentenced the appellant to six months in jail. This is well within the maximum set by statute. It is not in excess of the allowable sentence for a first conviction and this was his second offense within one year.

In lieu of the six-month sentence, the appellant was offered a two-year probation with the conditions outlined above. The record shows that he chose to accept the conditions of probation rather than the sentence imposed. He now argues before this court that it was abuse of the trial court's discretion to attach the condition that he could not drive any vehicle for the entire probationary period of two years. He bases this contention on the provision of I.C. 49–1102 which provides that the director of the department of law enforcement can only suspend one's license for a period of six months on a second offense. The appellant argues that the trial court cannot impose a longer suspension through the use of probation without extreme exigent circumstances. However, the provisions of section 49–1102 relate only to the director of law enforcement's ability to suspend a driver's license and not to the powers of the court in imposing probation. I.C. § 19–2601 provides that the "period of probation ordered by a court under this section, under a conviction or a plea of guilty for a misdemeanor, indictable or otherwise, may be for a period of not more than two (2) years . . .." The purpose of probation, as agreed by both parties, is rehabilitation, and the standard of review is whether or not the probation reasonably relates to that rehabilitative purpose. *State v. Oyler,* 92 Idaho 43, 436 P.2d 709 (1968); *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350 (1969). The defendant's crime arose out of the operation of a motor vehicle and presents a serious threat to public safety. The condition of probation prohibiting him from driving bears a reasonable relationship to his crime and to his rehabilitation. *See State v. Sandoval, supra.* After studying the results of the presentence report which included the results of Wilson's MOBAT test, the lower court imposed the conditions in an

effort to assist the appellant in restructuring his lifestyle so that no further instances of driving while intoxicated would occur. Therefore, as the two-year probationary period does not exceed that provided by statute, and because the condition reasonably relates to the appellant's rehabilitation, we find no abuse of discretion by the trial court and affirm the sentence imposed.

DONALDSON, C. J., BAKES, J., and DUNLAP, J. Pro Tem., concur.

BISTLINE, Justice, dissenting.

The district court has previously held that it was an abuse of discretion to require Wilson to sell his vehicles. The State has not challenged that determination. Wilson comes on to this Court with three specific challenges to the imposition of the sentence and terms of probation. The first of these, and one which embraces the other two, is that the trial court's[1] disposition of the cause was improper and did not involve any exercise of judicial discretion. He points to the court's statement at sentencing:

"Mr. Wilson, I am willing to do with you what I do with every person who appears in front of me the second time around on DWI."

In State v. Allen, 98 Idaho 782, 572 P.2d 885 (1977), relied upon by Wilson, the Court in a per curiam opinion stated that the trial court must sentence the individual criminal, not the crime category, and proceeded to set out six considerations which a sentencing court should take into account.

Unless this Court is to overrule or somehow distinguish State v. Allen, we are bound to reverse.

I am not in any disagreement with[1] the statement in the Court's opinion that driving a motor vehicle while intoxicated "presents a serious threat to public safety." That statement is equally true of any such offender, be he guilty of his first, second, third or fourth offense, and here only serves as a predicate for upholding a probationary period of two years—during which Wilson is absolutely prohibited from driving. It would seem to me that while the trial court could properly order Wilson to seek appropriate help for an apparent drinking problem, the suspending of a driver's license is a matter which the legislature as a policy decision has placed with the Department of Law Enforcement.[2] However, I prefer not to reach that issue on my belief that we need not review for an abuse of discretion where it is immediately apparent that there was not any exercise of discretion.[3]

1. The case was heard in the magistrate division of district court; the magistrate is referred to as the trial court. The district court sat as an intermediate appellate court.

2. I.C. § 49–1102(e), as applicable here provides for a mandatory six months suspension of a driver's license—to be effectuated by the Department.

3. "THE COURT: Okay, Mr. Wilson, I'm willing to do with you what I do with every person who appears in front of me the second time around on D.W.I. I am going to give you a chance to stay out of jail, but it's going to cost you a lot. If you live up to these conditions that I am going to impose, you don't have to go to jail. If you fail to live up to these conditions, you will go to jail, and I guarantee it. There's not going to be any questions about it. I am going to suspend six months in jail on the following conditions: That you turn over your license to me immediately for destruction, you be on probation for a two year period, during that two year period you do not operate a motor vehicle for any purpose whatsoever, no—nothing. You can walk to work, you can take a bicycle to work, you can get somebody else to drive you to work, and there will be no emergency exceptions, no exceptions whatsoever. You are to sell your motor vehicle within ten days and turn over to the Court—or all of those motor vehicles within ten days, and turn over to the Court bills of sale evidencing the sale of both of these motor vehicles. During the period of probation you are not to own any motor vehicle, and during the period of probation you are not to re-apply for any type of driver's license or driving permit. If you live up to all of those conditions for a period of two years you will not have to spend six months in jail. If you fail to live up to those conditions you will go to jail for six months. You will note that I am not making it a condition of probation that you don't drink, I am not making it a condition of probation that you don't violate the laws. I am just making it a condition of probation that you have nothing to do with cars for two years. Do you understand those conditions?"

It would also seem that where Wilson's problem was not with his driving, but with his drinking, and the combination of the two, that a better disposition would have been to forbid him the use of any intoxicants for two years rather than forbid him the use of any vehicles for two years. Nothing in the record suggests any threat to the public from his driving other than his inclination to drive when he had been drinking.

The brief filed here by his attorney points out that his arrest was not accident-related, as was the circumstance in the manslaughter case of *State v. Sandoval,* 92 Idaho 853, 452 P.2d 350 (1969), and also that the presentence report indicated an alcoholic propensity score of 10, 2 points below a score of 12 which is considered the critical level for a man. It would seem to follow that Wilson had the capability of being weaned, and given a two year probation which denied him the use of intoxicants, it was not improbable that the court might have accomplished the rehabilitation of Wilson so that he would not be a threat to the public safety. On the other hand, a six month sentence was imposed and suspended, and such punishment thus left hanging over Wilson's head while he meanwhile was prohibited from using his motor vehicles for two years. Such a probation term smacks more of additional punishment than it does of rehabilitation. If a man has a propensity to drink and brawl with his own friends, thus disturbing the peace of the neighborhood, is it better to take from him his liquor or take from him his friends? I suggest that where alcohol is the problem, that the terms of probation should preclude its use, and not preclude activity which, other than for the admixture of alcohol, would be harmless and proper.

The prosecuting attorney recommended that Wilson be given four days in jail and a substantial fine, with a two-year probation coupled with a condition that Wilson at any time submit to a chemical test for alcoholic consumption on request of law enforcement officers. It is difficult for me to understand why the Attorney General's office chooses to seek to uphold the magistrate's decision instead of the stance earlier taken by the State through the prosecuting attorney in these particular circumstances.

The State argues that the trial court's disposition should be upheld because a policy of meting out like justice to all second DWI offenders will promote uniformity in the courts. If all magistrates in the particular district court were to have the same policy, we would for certain have uniformity in the particular district—but not necessarily in the system. Uniformity in the disposition of criminal causes is, or should be, a statewide aim, not a result on a purely local basis, and that, too, narrowed down to one particular judge. The type of uniformity here being fostered is purely local, and if it is to become statewide uniformity, the legislature should be in charge of the program, in regard to which it is noted, that the legislature at one time provided for a ten day mandatory jury sentence on a first DWI conviction. That provision was deleted by an amendment passed by the 1973 legislature following a 1971 decision by this Court invalidating a mandatory jail sentence as unconstitutional. *State v. McCoy,* 94 Idaho 236, 486 P.2d 247 (1971). Recent constitutional amendments and other factors might suggest to the office of the attorney general that it give consideration to seeking uniformity by other means than advocating here that this Court disregard its holding in *State v. Allen, supra.*