710 P.2d 635

STATE of Idaho, Plaintiff-Respondent,

v.

Dennis Kelly CHRISTENSEN, Defendant-Appellant.

No. 16010.

Court of Appeals of Idaho.

Nov. 26, 1985.

604 P.2d 739 (1979). However, a sentence may represent an abuse of discretion even though it is within the statutory maximum if it is shown to be unreasonable upon the facts of the case. *State v. Osborn,* 104 Idaho 809, 663 P.2d 1111 (1983); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). Sentencing is a discretionary function of the trial judge and a sentence will not be overturned absent a showing that the trial judge abused that discretion. The defendant carries the burden of demonstrating such abuse. *State v. McPhie,* 104 Idaho 652, 662 P.2d 233 (1983). Christensen's sentence is clearly not excessive. Not only is the period of incarceration well under the statutory maximum, but the district court agreed to permit Christensen to participate in a work-release program during the sixty day period. On the facts of this case, Christensen has not made an affirmative showing that the district court abused its discretion. We therefor affirm the sentence imposed.

BURNETT, Acting C.J., and McFADDEN, Acting J., concur.

710 P.2d 636

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William J. BROOKS,
Defendant-Appellant.**

No. 15981.

Court of Appeals of Idaho.

Nov. 27, 1985.

M. Karl Shurtliff, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before BURNETT, Acting C.J., and HUNTLEY and McFADDEN, Acting JJ., Special Panel.

HUNTLEY, Acting Judge.

Dennis Kelly Christensen was convicted of violating I.C. § 18–8006 which provides in part:

> **18–8006. Aggravated driving while under the influence of alcohol, drugs or any other intoxicating substances.**—(1) Any person causing great bodily harm, permanent disability or permanent disfigurement to any person other than himself in committing a violation of the provisions of section 18–8004, Idaho Code is guilty of a felony ...

The district court granted Christensen a withheld judgment and, as a special condition of probation, required that he serve sixty days in the Ada County Jail. The sole issue on appeal is whether the district court abused its discretion in imposing sentence. We hold that it did not.

Christensen contends that he has had no previous criminal record, that he has been an exemplary citizen, that he is employed, and that he has committed to a program of alcohol abstinence. For these reasons, he insists that a more appropriate sentence would be one of thirty (30) days, the minimum statutory period of incarceration. I.C. § 18–8006(a). We note that the maximum period of incarceration for the offense is five (5) years. I.C. § 18–8006(a).

Clearly, the sentence imposed in the present case fell within statutory limits. A sentence which is within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. I.C. § 49–1102; *State v. Wilson,* 100 Idaho 725,