742 P.2d 438

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kevin AMERSON, Defendant-Appellant.**

**No. 16758.**

Court of Appeals of Idaho.

Sept. 1, 1987.

Petition for Review Denied
Oct. 30, 1987.

Susan Servick, Kootenai County Deputy Public Defender, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This case provides an occasion to review a fixed sentence in light of recent legislation altering the "good time" system for Idaho prisoners. The case comes to us on appeal by Kevin Amerson from judgments of conviction for grand theft and second degree burglary. Amerson received a fixed five-year sentence for the theft and a consecutive indeterminate sentence of five years for the burglary. On appeal, he contends that the sentences were excessive. For reasons explained below, we affirm.

For several years, our standards of sentence review have been well settled. The substantive criteria—protection of society, deterrence, retribution and rehabilitation—are explained in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). *Toohill* also articulates the familiar "one-third" rule for determining the presumptive length of confinement imposed by an indeterminate sentence. In *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983), we supplemented *Toohill* by declaring that the length of confinement under a *fixed* sentence would be treated, for the purpose of appellate review, as "the term of the sentence less the formula reduction available as a matter of right for good conduct under I.C. § 20–101A." *Id.* at 840, 673 P.2d at 440.

In 1986 the Legislature fundamentally altered the "good time" system. With respect to sentences for crimes committed on or after July 1, 1986, the Legislature eliminated the formula reduction previously available as a matter of right under I.C. § 20–101A. In its place the Legislature enacted a narrow system of "meritorious" sentence reduction. Such a reduction "may be awarded when an inmate completes an extraordinary act of heroism at the risk of his own life or for outstanding service to the state of Idaho which results in the saving of lives, prevention of destruction or major property loss during a riot, or the prevention of an escape from a correctional facility." I.C. § 20–101D. In light of this statutory change, we deem it obvious that any postulated measure of confinement under a fixed sentence can no longer rest upon an assumption that the prisoner will receive a "good time" credit. Rather, as to crimes committed on or after July 1, 1986, we must treat the entire facial length of a fixed sentence as the term of confinement for the purpose of appellate review.

In the present case we have two consecutive five-year sentences, one fixed and one indeterminate. Both sentences are for crimes committed after July 1, 1986. We

have no reason to doubt that the learned district judge was aware of the implications of the "good time" legislation. Consequently, in accordance with the standard we announce today, we deem the length of confinement under the fixed sentence to be a full five years. As to the indeterminate sentence, we treat the length of confinement to be one-third of five years—i.e., one year and eight months—under the *Toohill* standard. The question before us, then, is whether aggregate confinement of six years and eight months is reasonable upon the facts of this case.

Our review focuses on the nature of the offense and on the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). The grand theft was committed when Amerson and an accomplice removed a $1,200 watch from the display case of a jewelry store. Amerson attempted unsuccessfully to pawn the watch. It was recovered during a search of Amerson's car. The burglary occurred when Amerson entered a private residence and removed furs, guns, knives, a television set and a stereo unit having a total value of approximately $4,000. The furs were located at a Seattle pawn shop. None of the remaining property was recovered. Although Amerson initially was charged with theft as well as burglary in connection with this incident, the charge was limited to burglary as the result of a plea bargain.

Standing alone, these offenses might not have warranted the strict sentences imposed. But Amerson brought a long history of crime into the courtroom. At the time of sentencing, he was thirty years old. Since the age of sixteen he had engaged in a robbery; numerous burglaries, several thefts, and two acts of receiving stolen property. He had served time and had violated parole in California. He was on parole when he came to Idaho and committed the instant offenses.

Pursuant to the plea bargain, the prosecutor recommended a combination of indeterminate sentences totalling ten years. That recommendation was not binding upon the court. Amerson called the judge's attention to numerous letters written in his behalf by local people. The letters expressed a belief that Amerson had discovered religion, which would produce a change in his behavior. Although the judge considered these letters and other mitigating factors, he was understandably dismayed by the length and nature of Amerson's criminal history. The judge stated that his foremost objective was to protect society from the risk posed by Amerson's pattern of conduct. The judge noted that Amerson's record made rehabilitation doubtful. The gloomy outlook for rehabilitation, coupled with the objectives of deterrence and retribution, persuaded the judge to make one of the five-year sentences fixed rather than indeterminate.

In our view, the judge gave sound reasons for his sentencing decision. Upon the facts of this case, we believe that confinement for at least six years and eight months is reasonable. We conclude that the district judge did not abuse his sentencing discretion. Accordingly, the judgments imposing the sentences are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.