753 P.2d 828

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel Acuna ROMERO, Defendant–Appellant.**

**No. 16961.**

Court of Appeals of Idaho.

April 5, 1988.

Petition for Review Granted Aug. 31, 1988.

Ronald J. Jarman (argued), and Dean A. Tranmer, Jarman & Tranmer, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before WALTERS, C.J., and SWANSTROM, J., and McQUADE, J., pro tem.

PER CURIAM.

Miguel Acuna Romero was convicted of voluntary manslaughter following a jury trial. The district court sentenced him to a determinate period of fifteen years in the custody of the Board of Correction.

A review of the facts is appropriate. On October 29, 1986, shortly after 11:00 p.m., Robert Thompson was crossing a parking lot in Pocatello, Idaho. Romero and a co-defendant, Jerry Griffith, and several other youths were nearby. Thompson was wearing a Halloween mask and made a gesture as he passed the group. Griffith entered into a confrontation with Thompson. Romero soon joined Griffith in this direct confrontation. During the course of this fight, Griffith verbally baited Thompson and then struck him. As the fight continued, Thompson struck Romero. Thereafter, Thompson attempted to retreat but Romero and Griffith continued to press the attack. Eventually Romero and Griffith, acting in concert, knocked Thompson to the ground. From that point on, both Romero and Griffith delivered multiple powerful shoe and boot blows to Thompson's head. These blows were of sufficient force to cause Thompson's death.

On appeal Romero raises the following issues: Did the district court abuse its discretion in giving Romero a fifteen-year determinate sentence for voluntary manslaughter? Absent a showing of mitigating circumstances, does the sentence amount to cruel and unusual punishment under Article 1, § 6 of the Idaho Constitution and the Eighth Amendment to the United States Constitution? Did the sentence imposed violate Romero's right to a trial by jury under Art. 1, § 7, of the Idaho Constitution? May a defendant be given a fifteen-year determinate sentence for voluntary manslaughter when, in another case, a defendant may receive only an indeterminate ten-year sentence for murder in the second degree?

For reasons explained below, we affirm the sentence of the district court.

I

In examining Romero's claim that his sentence was an abuse of judicial discretion, we turn for guidance to *State v. Beltran*, 109 Idaho 196, 197, 706 P.2d 85, 86 (Ct.App.1985). In *Beltran* the defendant pled guilty to voluntary manslaughter and was sentenced to a fifteen year determinate term. We held:

> Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct.App. 1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable, if it appears at the time of sentencing, that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

Romero received the maximum term of confinement authorized by I.C. § 18–4007(1). The sentence was imposed as a fixed term under former I.C.

§ 19–2513A.[1] Romero is not entitled to an automatic reduction for "good time," rather a reduction of sentence would be available only for "meritorious conduct" pursuant to I.C. § 20–101D. It would appear Romero will likely serve the full fifteen years with little chance of sentence reduction. Although Romero may be the victim of unfortunate timing with regard to the effect of the legislation abolishing automatic good-time reduction, we are unpersuaded this effect amounts to an abuse of sentencing discretion on the part of the district court.

On a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Adams,* 106 Idaho 309, 310, 678 P.2d 101, 102 (Ct.App.1984); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case the victim was confronted by both Romero and Griffith. Witnesses testified that Thompson attempted to retreat from the confrontation. Romero testified that Thompson was lying on the ground, unable to defend himself when Romero "stomped" Thompson's head "a couple of time" [sic]. A pathologist, Dr. Garrison, testified that the violent injury to Thompson was located below the forehead and above the chin. These well-placed blows provided mute testimony to the viciousness of the attack upon Thompson.

We next consider the character of the offender. Romero, at the time of the offense, was a twenty-year old alien from Mexico. He understood and spoke English well enough to testify at his trial. He was locally employed and on the night of the killing had been drinking for a prolonged period of time prior to the homicide. Romero had been talking with a girl when the confrontation began between Griffith

and Thompson. Romero then chose to become involved in the fight and the brutal result.

As stated by the judge at sentencing, the district court felt that Romero was unfit for probation and that the maximum sentence was necessary for the protection of society. Given the brutality of the attack upon Thompson we hold the judge did not abuse his discretion in sentencing Romero to fifteen years determinate.

## II

■ With regard to the constitutional considerations posed by Romero, it is well settled that a sentence within statutory limits is presumed correct. *State v. Wilson,* 100 Idaho 725, 604 P.2d 739 (1979); *State v. O'Bryan,* 96 Idaho 548, 531 P.2d 1193 (1975); *State v. Standlee,* 96 Idaho 165, 525 P.2d 360 (1974). Further, aside from the bald assertion of unconstitutionality, Romero offers no support for his position. Consequently we find the length of Romero's sentence does not offend either the United States Constitution or the Idaho Constitution.

## III

■ Romero's final argument concerns the apparent disparity in receiving a fifteen-year determinate sentence when compared with a defendant in another crime who might receive a maximum ten-year sentence for murder in the second-degree. We note only that each case turns on very different facts, laws and punishments.[2] As reasonableness depends on the facts of each case, *State v. Cunningham,* 97 Idaho 650, 551 P.2d 605 (1976); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982),

1. Idaho Code § 19–2513A was repealed by the Legislature effective February 1, 1987 and replaced with I.C. § 19–2513, providing for unified sentences. Former I.C. § 19–2513A was applicable to persons committing offenses prior to February 1, 1987. *See State v. Amerson,* 113 Idaho 183, 742 P.2d 438 (Ct.App.1987).

2. While Romero points to less severe sentences imposed upon other defendants in other manslaughter cases, we note that the Legislature recently indicated a view towards stricter sentences in Idaho. As an example, for many years the maximum limit for voluntary manslaughter was ten years. In 1983 the Legislature increased that limit to fifteen years. 1983 Idaho Sess. Laws, Ch. 145, § 19, p. 381. Additionally, the Legislature recently adopted the "Unified" Sentencing Act (*see* footnote 1, *supra*) empowering the court to impose sentences with a stated period of incarceration less than the maximum permitted sentence, during which the offender shall not be eligible for parole.

so do sentences. *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979) (disparity of sentences between different defendants for committing similar crimes does not constitute excessiveness of sentence to any particular defendant). *See United States v. Vita,* 209 F.Supp. 172 (E.D.N.Y.1962) (equal protection of the law does not mean equal sentences in criminal cases). In the instant case the jury heard the testimony and determined the facts of the crime. As discussed above, the judge correctly applied the law and pronounced sentence. That sentence adequately reflects appropriate concern about both the offense and the offender. The length of sentence will work to deter others while protecting the safety interests of the citizens of this state. Anything less would depreciate the seriousness of the crime.

Based on our independent examination of the facts in this case we hold the determinate sentence of fifteen years is reasonable. Accordingly, the sentence imposed upon the judgment of conviction is affirmed.