753 P.2d 1265

STATE of Idaho, Plaintiff–Respondent,

v.

John Eugene STAHA,
Defendant–Appellant.

No. 17192.

Court of Appeals of Idaho.

May 3, 1988.

Petition for Review Denied June 28, 1988.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Pursuant to plea negotiations, John Staha pled guilty to second degree burglary. He was sentenced to the custody of the State Board of Correction for a fixed five-year term. Staha appeals, contending that the sentence is excessive. The sole issue is whether the district court abused its sentencing discretion. We affirm.

Under our standard for sentence review, a sentence within the statutory maximum will not be disturbed absent an abuse of discretion. Abuse of discretion is demonstrated if the sentence is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The familiar test of reasonableness is found in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Here, the fixed five-year sentence is the maximum term of imprisonment for second degree burglary. I.C. § 18–1403. Because this crime occurred after the Legislature eliminated automatic "good time" credits for prisoners, we must treat the entire facial length of the fixed sentence as the term of confinement for the purpose of appellate review. *State v. Amerson,* 113 Idaho 183, 742 P.2d 438 (Ct.App.1987). Therefore, the question is whether a five-year period of confinement, without possibility of parole, is reasonable when viewed in light of the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The crime was committed on April 18, 1987, near Sandpoint, Idaho, when Staha became enraged at a car salesman who would not make a car deal with him. Staha attempted to trade a stolen pickup for a car. The salesman became suspicious of Staha's claim of title to the pickup and

refused to deal. Staha then held a knife to the salesman's throat, forced him to the ground and bound him with a telephone cord. Staha then took the salesman's wallet, the paperwork associated with the car he wanted, and the car. Staha was arrested in Montana and all the property was recovered. The stolen pickup was also returned to its owner in Texas. Initially charged with robbery, Staha pled guilty to second degree burglary as a result of plea negotiations. The burglary charge was predicated upon Staha's entry into the auto sales building with intent to commit theft. I.C. §§ 18–1401, 18–1402.

We next examine Staha's character. At the time of the offense, Staha was a parolee from Texas and had absconded from parole supervision. Staha's criminal history includes convictions for theft and forgery. These convictions took place in Texas. Staha initially was placed on probation following the forgery conviction. Staha did not favorably perform on probation, violating it twice. As noted, Staha was on parole from the theft charge at the time he committed this offense. He has not responded well to supervision.

Staha contends the district court did not fully consider whether the goals of sentencing—protection of society, deterrence, rehabilitation or retribution—could have been met by a less than maximum sentence. The record does not show the judge examined each of the above objectives, but neither is there any indication that the objectives were ignored. The record reflects that the sentencing judge was concerned with the violent nature of the crime and with Staha's use of a deadly weapon. The judge was also presented with the evidence of Staha's dismal past experiences with probation and parole. With the lack of any contrary indications in the record, we conclude the judge applied the sentencing objectives.

Staha further asserts the sentence is excessive because it does not comport with the recommendations made by his attorney and the state. Plea agreements between a defendant and the state are generally not binding on the court. The state may make recommendations for a particular sentence, or agree not to oppose the defendant's request for a particular sentence, or agree that a specific sentence is the appropriate disposition of the case. I.C.R. 11(d)(1)(B), (C). However, unless the court accepts the disposition agreed to, any recommendations "shall not be binding upon the court." I.C.R. 11(d)(1)(B). The record shows no such acceptance by the court here.

Based on our examination of the record, we conclude the fixed five-year sentence is reasonable when viewed upon the facts of this case. Accordingly, we hold that the district court did not abuse its sentencing discretion. The sentence imposed upon the judgment of conviction is affirmed.