768 P.2d 822

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Onesimo GARCIA, Defendant–Appellant.**

No. 17601.

Court of Appeals of Idaho.

Feb. 1, 1989.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Onesimo Garcia pled guilty in the district court for Canyon County to possession of a controlled substance with the intent to deliver, and to theft by possession of stolen property. Garcia received a unified sentence of seven years, with a three-year minimum confinement, for the controlled substance charge, and a concurrent, unified sentence of five years, with a three-year minimum confinement, for the theft charge. I.C. § 19–2513. Later, Garcia filed a motion under I.C.R. 35 for reduction of the sentences. The motion was denied. On appeal, Garcia contends that the district court abused its discretion by denying his motion. We affirm.

A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed upon the defendant was, for

**560**

any reason, unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the district court. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct. App.1986). On appeal, we will determine whether the entire record, including any facts presented in connection with the motion, shows that the district court abused its discretion in failing to grant the leniency requested. *State v. Stanfield*, 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

In the instant case, Garcia's convictions were the result of a police search of his residence in which quantities of heroin, cocaine, and marijuana—along with a stolen weapon and paraphernalia used in selling illegal drugs—were found. At his sentencing hearing, Garcia maintained he was unaware that the illegal drugs were being kept at his residence, and that the weapon found in his home was stolen property. Garcia also urged the district court to consider that he was a first-time offender with no prior felony convictions. Garcia asked the district court to suspend any sentences imposed, so that Garcia—an illegal alien—could be deported to Mexico and rejoin his family. Garcia contended that such a proposal would deter him from committing any further crimes.

The district court found Garcia's contentions about the drugs and weapon spurious, and concluded that Garcia's intent to sell the drugs was a serious offense showing little regard for the consequences of his actions. As a result, the district court imposed the concurrent sentences. On his motion for a reduction of the sentences, the only additional evidence offered by Garcia was his assertion that, during the period of his confinement in the Canyon County jail since the time of his arrest and while awaiting transfer to the state penitentiary, he had been a model prisoner who had not caused any problems with the jail staff.

Garcia's sentences were well within the maximum penalties permitted by statute.[1] These sentences do not appear unreasonable for the crimes to which Garcia pled guilty. The entire record, including the additional evidence adduced by Garcia at his hearing on the motion to reduce the sentences, does not persuade us that the district court abused its discretion in declining to reduce the sentences. Accordingly, the order denying the Rule 35 motion is affirmed.

---

**1.** Possession of a controlled substance with intent to deliver, I.C. § 37–2732(a)(1)(A), carries a maximum sentence of life imprisonment. Theft by possession of stolen property, I.C. § 18–2403(4), carries a maximum sentence of fourteen years. I.C. § 18–2408(2)(a).