769 P.2d 593

STATE of Idaho, Plaintiff–Respondent,

v.

Raul ESCALANTE,
Defendant–Appellant.

No. 17371.

Court of Appeals of Idaho.

Feb. 22, 1989.

Michael J. Wood, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In a trial to the district court, after having waived his right to a jury, Raul Escalante was found guilty of two counts of delivery of a controlled substance. The state's evidence showed that Count I, delivery of marijuana, had occurred on December 30, 1986, prior to the Unified Sentencing Act, and that Count II, delivery of cocaine, had occurred after the effective date of the Act. I.C. § 19–2513. Accordingly, the district court sentenced Escalante to the custody of the Board of Correction for an indeterminate four-year term on Count I, and to a concurrent eight-year

term, with a three-year minimum confinement, on Count II. The sole issue on appeal is whether the district court abused its sentencing discretion by imposing unreasonable sentences.

Under the concurrent sentences, Escalante will spend at least three years in confinement. To determine whether such confinement is excessive, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the defendant. *State v. Amerson*, 113 Idaho 183, 742 P.2d 438 (Ct.App.1987). Escalante's convictions were the result of his involvement in the sale of approximately a half pound of marijuana and approximately two grams of cocaine to an undercover policeman in Twin Falls, Idaho. The cocaine was exceptionally pure, indicating that Escalante had close proximity to the source. Escalante also offered to sell additional quantities of cocaine.

With respect to Escalante's background, the presentence investigation showed that he had been employed in various jobs, although he had entered the United States illegally from Mexico. It also showed that he had committed numerous prior misdemeanor offenses, including a simple assault with a firearm and two counts of driving under the influence.

Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion. The judgment of conviction, including the sentences imposed, is affirmed.