771 P.2d 928

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roland Boyd MAXFIELD, III, Defendant–Appellant.**

**Nos. 17454, 17157.**

Court of Appeals of Idaho.

April 12, 1989.

Kenneth S. Gallant, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM, J., and HART, J. Pro Tem.

PER CURIAM.

Pursuant to plea negotiations, Roland Boyd Maxfield III pled guilty to a charge of aggravated battery. I.C. § 18–907. The judge sentenced Maxfield to a ten-year prison term, with a five-year minimum period of confinement. After the judgment was entered, Maxfield filed a motion under I.C.R. 35 for reduction of the sentence. The motion was denied. On appeal, Maxfield contends both that the district court abused its discretion in imposing the sentence and that the court erred in denying the Rule 35 motion. We affirm.

A Rule 35 motion is a plea for leniency which may be granted if the sentence imposed upon the defendant was unduly severe. *State v. Lopez,* 106 Idaho 447, 680

P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the district court. *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). When we review a district court's denial of a Rule 35 motion, we apply the same criteria used for reviewing the reasonableness of the original sentence. *State v. Garcia,* 115 Idaho 559, 768 P.2d 822 (Ct.App.1989). Therefore, we will address together Maxfield's contentions that the original sentence was excessive and that his Rule 35 motion should have been granted.

 Maxfield could have received a fifteen-year term of imprisonment. I.C. § 18–908. Because his sentence was within the statutory maximum, we will uphold it unless the sentencing judge abused his discretion. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *Id.* Here, because the judge specified that the minimum term of confinement would be five years, five years is the term of confinement for the purpose of appellate review. *See State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Therefore, applying the criteria enunciated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), we must determine whether a five-year prison term is reasonable when viewed in light of the nature of the offense and the character of the offender.

 Here, the record indicates Maxfield had an extensive criminal history. He was on probation for two counts of first degree burglary when he committed the aggravated battery. He also had a substance abuse problem. According to the presentence investigator's report, the offense in this case occurred when Maxfield—without provocation—threatened two teenagers with death. He used a knife in conjunction with the threats and he also choked one of them until the victim's face became discolored. Having considered the record and the sentence review criteria set forth in *State v. Toohill, supra,* we conclude that the sentence is not excessive. The judgment of conviction imposing the sentence and the order denying Maxfield's Rule 35 motion are affirmed.