785 P.2d 178

STATE of Idaho, Plaintiff–Respondent,

v.

Randy Lee BINGHAM,
Defendant–Appellant.

No. 17855.

Court of Appeals of Idaho.

Jan. 2, 1990.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender; Boise for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Randy Bingham pled guilty to second degree burglary (I.C. § 18–1402) and grand theft (I.C. § 18–2407). For the burglary, Bingham received a prison term of five years, all of it be served in confinement. With respect to the crime of grand theft, Bingham received a prison sentence of ten years with a five-year minimum period of confinement. The sentences are to run concurrently. No appeal was taken from the judgment of conviction. However, 120 days after entry of the judgment Bingham moved to have his sentences reduced under I.C.R. 35. The motion was denied. He appeals from the order denying his Rule 35 motion, contending the sentences are excessive and it was an abuse of discretion not to reduce them. We affirm.

A motion to reduce a sentence which is within statutory limits is addressed to the sound discretion of the judge ruling on the motion. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). The motion essentially is a plea for leniency which may be granted if the original sentence imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct. App.1984). "On appeal, we will determine whether the entire record, including any facts presented in connection with the motion, shows that the district court abused its discretion in failing to grant the leniency requested." *State v. Garcia,* 115 Idaho 559, 560, 768 P.2d 822, 823 (Ct.App.1989).

The maximum punishment for second degree burglary is five years imprisonment. Grand theft is punishable by imprisonment

for a maximum period of fourteen years. Here, the minimum period of confinement, as determined by the judge, for the concurrent sentences is five years. This is the amount of time Bingham must be incarcerated before he will be eligible for parole. We treat this time as the probable measure of confinement for the purposes of reviewing the reasonableness of the sentence. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). We apply the well known criteria enunciated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982), and *State v. Sanchez, supra*, in evaluating the reasonableness of the overall sentence. In applying these criteria to the instant case, we consider the nature of the offense and the character of the offender. *State v. Amerson*, 113 Idaho 183, 742 P.2d 438 (Ct.App.1987).

██ With these standards in mind, we determine the sentences are reasonable in light of the seriousness of the crimes. Residential burglaries and property thefts were involved in this case. Bingham committed these crimes while he was on parole. We note that Bingham pled guilty to the two crimes pursuant to an agreement which resulted in the state's dismissal of several other charges, including a persistent violator charge. As part of the agreement, it was understood that the state would be recommending sentences requiring five years minimum incarceration.

Bingham has a long history of criminal activity. This criminal behavior began as a child and has continued into his adult life. Since becoming an adult, Bingham has been convicted of numerous offenses, including burglary, grand theft, battery, driving under the influence, and other assorted crimes.

Usually this criminal conduct has been accompanied by the use of alcohol or drugs. Bingham contends that his substance abuse problem is responsible for his criminal actions. Bingham requests that this Court commute the remainder of his term of incarceration and place him on probation upon the condition that he be ordered to attend and complete the program offered at Freedom House in Portland, Oregon. The district judge, after reviewing the presentence report, determined that Bingham had been given the opportunity to attend numerous alcohol treatment programs and that all efforts to rehabilitate him had failed. The district judge went on to explain his reasons for denying Bingham's motion for reduction of sentence:

> Mr. Bingham is a confirmed drug and alcohol abuser. He first came to the attention of the courts at the age of seven when he was accused of theft. He committed his first burglary when he was eight. Since that time, he constantly has been before the juvenile and adult courts in a potpourri of driving, theft and burglary charges. The case for which he has been imprisoned most recently involved a series of burglaries and thefts committed in his own neighborhood while he was on parole. There is absolutely no reason to believe that society will be safe from his criminal activities if he is released.

After reviewing the record, we believe the judge articulated appropriate reasons for his sentencing decision. He considered all of the essential goals—the protection of society, retribution, deterrence and rehabilitation. Moreover, the chronology of crimes shown in the record of this case is ample cause for requiring a substantial period of incarceration. We conclude that the judge did not abuse his discretion by declining to reduce the sentences in this case. We affirm the order.