815 P.2d 459

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Miguel Acuna ROMERO,**
**Defendant–Appellant.**

No. 18491.

Court of Appeals of Idaho.

April 16, 1991.

Rehearing Denied June 19, 1991.

Petition for Review Denied Aug. 30, 1991.

262

Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant. Isaac McDougall, argued.

Jim Jones, Atty. Gen., Lynn E. Thomas (argued), Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

The voluntary manslaughter conviction and the fifteen-year fixed sentence of Miguel Romero were affirmed by the Court of Appeals in *State v. Romero*, 114 Idaho 92, 753 P.2d 828 (Ct.App.1988). On review, the Supreme Court affirmed the conviction, but vacated the sentence and remanded for re-sentencing, which was to be held after a presentence investigation report (PSI) had been compiled on Romero. *State v. Romero*, 116 Idaho 391, 775 P.2d 1233 (1989).

The resentencing hearing was held on November 21, 1989, at which time the court heard the testimony of several state's witnesses concerning the peaceable nature of the victim. The district judge, who was not the original sentencing judge, reviewed the trial transcript and record. He also considered the PSI and counsel's arguments at the sentencing hearing. He then resentenced Romero to the maximum term of confinement under I.C. § 18-4007(1), fifteen-years fixed. We affirm the sentencing decision of the district court.

Romero's appeal consists of one issue: whether the district court abused its discretion by imposing a sentence of fifteen-years fixed for the crime of voluntary manslaughter. Romero contends that the judge's sentencing decision was the result of his conception of the case as a "senseless murder" stemming from an "unprovoked attack." In other words, Romero argues that the sentencing judge's view was at odds with that of the jury which found Romero guilty of manslaughter, not murder, as had been charged in the information. Consequently, Romero claims that the sentencing judge blurred the distinction between murder and manslaughter, resulting in a very harsh sentence which affords him no opportunity for parole.

■ The length of a sentence is reviewed under a "clear abuse of discretion" standard, and, if that sentence is within the statutory maximum, it will not be disturbed on appeal absent a showing of clear abuse. *State v. Cotton*, 100 Idaho 573, 602 P.2d 71 (1979). In this resentencing, Romero received the same maximum fifteen-year sentence as had been imposed originally. Because the sentence was for a crime committed after July 1, 1986, the entire facial length of the fixed sentence will be deemed the term of confinement for the purpose of appellate review. *See State v. Amerson*, 113 Idaho 183, 742 P.2d 438 (1987).

In conjunction with the sentencing hearing, the district judge reviewed as mitigating factors, Romero's happy childhood and a supportive family in Mexico, as well as his efforts at rehabilitation since his incarceration, and the fact that he had no prior

felonies on his record. The district judge, however, did not think that these positive points in Romero's favor in any way outweighed the horrible nature of his crime, which resulted in the death of Robert Thompson.

 In a sentence review, we focus on the nature of the crime and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). It is apparent from the colloquy on the record that the district judge carefully considered the nature of the crime and the character of the offender. As an integral part of our review on appeal, we also examine the reasonableness of the sentence as defined in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707, 710 (Ct.App.1982), keeping in mind the sentencing goals expressed by the Court therein.

The district judge recited that the primary goal of protecting society would alone be sufficient justification for the maximum sentence in this case. He added that the fifteen-year fixed sentence also fulfilled the objectives of retribution, and would deter Romero and others in the future from such violent, anti-social behavior in a similar situation. The judge was not swayed by Romero's argument that his culpability for the crime was less than that of his co-defendant, Griffith, and that his punishment should be more lenient than Griffith's. *See State v. Griffith*, 114 Idaho 95, 753 P.2d 831 (Ct.App.1988), *aff'd*, 116 Idaho 173, 774 P.2d 343 (1989). The judge commented that "if there ever was an act of voluntary manslaughter which justified a maximum sentence as punishment, I think [this] is such an act." The judge was well aware that he was sentencing Romero for voluntary manslaughter, contrary to Romero's contention that the judge viewed this as a murder case.

By resentencing Romero to fifteen-years fixed, the district court denied Romero's request for an indeterminate sentence, which would at least have given him the opportunity for parole. We conclude that the fixed fifteen-year term is within the statutory directives. The term therefore does not exceed the period of time necessary to accomplish the objectives of sentencing. We hold that the district judge did not abuse his discretion in sentencing Romero, and we affirm his decision.

WALTERS, C.J., and SILAK, J., concur.